# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:11cv255

| | | |
|---|---|---|
| **SEREFEX CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **BILTMORE INVESTMENTS, LTD.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Order of United States Magistrate Judge Dennis L. Howell [Doc. 140].

In this action, Attorney Gary K. Sue has filed two motions for admission *pro hac vice* of certain out of state counsel [Doc. 129, 130], and a report regarding the status of certain litigation pending in Bankruptcy Court. [Doc. 131]. In the motions for *pro hac vice* admission Attorney Sue avoids stating that he will serve as local counsel for such out of state attorneys, and he seeks admission of such other attorneys without local counsel. As such, it does not appear that Attorney Sue has made a general appearance for the Plaintiff in this matter. For that reason the Magistrate Judge entered the

Order of January 12, 2012 [Doc. 140] directing Attorney Sue to advise the Court in writing of whether he will represent Plaintiff Serefex Corporation in this action. [Id.]. To date, Mr. Sue has made no such filing and has failed to respond to the Order of this Court in any manner. As a result, the Plaintiff remains unrepresented in this action.

"It has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). When a corporate party has been "admonished ... that if [it] failed to obtain ... counsel" the case would "be dismissed as to the corporation[ ] ... since a corporation cannot proceed *pro se*," it is appropriate to dismiss the action as to that corporate party. Barr v. Prince George's County, Md., 115 F. App'x 609 (2004); Huang v. Culpepper, 2011 WL 310477 **2 n.1 (D.Md. 2011). Indeed, this principle has been upheld in numerous cases. First Citizens Bank & Trust Co. v. X Digital Media, Inc., 2009 WL 3614306 (E.D.N.C. 2009) (citing Plimpton v. Cooper, 141 F.Supp.2d 573, 575 (W.D.N.C. 2001), affirmed 21 F. App'x 159 (4th Cir. 2001); Carrico v. Village of Sugar Mountain, 114 F.Supp.2d 422, 424 (W.D.N.C. 2000), affirmed 13 F. App'x 79 (4th Cir. 2001)) (other citations omitted).

The Court will provide both Mr. Sue and Plaintiff Serefex Corporation

with an opportunity to respond as to the status of counsel, and for some proper attorney to make an appearance for Plaintiff.

**IT IS, THEREFORE, ORDERED** that on or before five (5) business days from entry of this Order, Attorney Gary K. Sue shall file either a notice of general appearance for Plaintiff Serefex Corporation, or a statement that he does not represent Plaintiff in this case. Failure to comply with the directives contained within this Order may subject counsel to sanctions.

**IT IS FURTHER ORDERED** that on or before five (5) business days from entry of this Order, Serefex Corporation may appear in this action through counsel or may request a short extension of time within which to obtain counsel. Failure of the Plaintiff to obtain representation in this matter may result in the dismissal of this action without further notice.

The Clerk of Court is instructed to serve a copy of this Order on the Plaintiff by mail addressed to Serefex Corporation, c/o 21415 Civic Center Drive, Suite 250, Southfield, MI 48076-3905.

Signed: May 24, 2012

Martin Reidinger
United States District Judge

3