# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv255

| | |
|---|---|
| SEREFEX CORPORATION,                )<br>                                                         )<br>                       Plaintiff,            )<br>                                                         )<br>                       vs.                     )<br>                                                         )<br>BILTMORE INVESTMENTS, LTD.,  )<br>                                                         )<br>                       Defendant.         )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte* to dismiss this action without prejudice.

On May 24, 2012, Plaintiff Serefex Corporation was advised by Order to appear in this action through counsel or to request an extension of time within which to obtain counsel. [Doc. 143]. The Plaintiff was also advised that failure to do so so on or before five business days from entry of that Order could result in the dismissal of this action. [Id.]. The President and CEO of the Plaintiff has written to the Court to inform that no such action would be taken and that it was understood that the case would be dismissed. [Doc. 145].

"It has been the law for the better part of two centuries ... that a

corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). When a corporate party has been "admonished ... that if [it] failed to obtain ... counsel" the case would "be dismissed as to the corporation[ ] ... since a corporation cannot proceed *pro se*," it is appropriate to dismiss the action as to that corporate party. Barr v. Prince George's County, Md., 115 F. App'x 609 (2004); Huang v. Culpepper, 2011 WL 310477 **2 n.1 (D.Md. 2011). Indeed, this principle has been upheld in numerous cases. First Citizens Bank & Trust Co. v. X Digital Media, Inc., 2009 WL 3614306 (E.D.N.C. 2009) (citing Plimpton v. Cooper, 141 F.Supp.2d 573, 575 (W.D.N.C. 2001), affirmed 21 F. App'x 159 (4th Cir. 2001); Carrico v. Village of Sugar Mountain, 114 F.Supp.2d 422, 424 (W.D.N.C. 2000), affirmed 13 F. App'x 79 (4th Cir. 2001)) (other citations omitted). The Plaintiff having failed to respond to the Order, the case will be dismissed.

**IT IS, THEREFORE, ORDERED** that this action is hereby **DISMISSED** without prejudice.

The Clerk of Court is instructed to serve a copy of this Order on the Plaintiff by mail addressed to Serefex Corporation, c/o 21415 Civic Center Drive, Suite 250, Southfield, MI 48076-3905, and at 4328 Corporate Square Blvd., Suite D, Naples, FL 34104.

Signed: June 6, 2012

Martin Reidinger
United States District Judge